*20cv2167*

ORIGINAL DO NOT COPY

AO 241
(Rev. 01/15)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: SOUTHERN |
|---|---|

| Name (under which you were convicted): Darren Williams | Docket or Case No.: 745034 Parole Warrant# |
|---|---|

| Place of Confinement : Greene Correctional facility | Prisoner No.: 04A5841 |
|---|---|

| Petitioner (include the name under which you were convicted) Darren Williams | v. | Respondent (authorized person having custody of petitioner) Brian D. Smith |
|---|---|---|

| The Attorney General of the State of: New York |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Parole Revocation Hearing Westchester County Jail

    (b) Criminal docket or case number (if you know): Parole Warrant# 745034

2.  (a) Date of the judgment of conviction (if you know): 06/01/2018

    (b) Date of sentencing: 06/01/2018

3.  Length of sentence: 36 month time assessment

4.  In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    rules 8 and 13 of the conditions of release

6.  (a) What was your plea? (Check one)

    ☑ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty              ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury     ☑ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes     ☐ No

8.   Did you appeal from the judgment of conviction?

☑ Yes     ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   Administrative Board of Parole Appeals Unit

(b) Docket or case number (if you know):   Control# 06-056-18R

(c) Result:   Affirmed

(d) Date of result (if you know):   08/16/2018

(e) Citation to the case (if you know):   n/a

(f) Grounds raised:   Denied Due Process of Law; right to confrontation; and effective assistance of parole

counsel; arbitary and capricious hearing officer.

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?     ☑ Yes     ☐ No

If yes, answer the following:

(1) Name of court:   Greene County Supreme Court

(2) Docket or case number (if you know):   18-0759

(3) Result:   Denied

(4) Date of result (if you know):   12/03/2018

AO 241
(Rev. 01/15)

(5) Citation to the case (if you know):     n/a/

(6) Grounds raised:     Denied right to due process of law; right to

confrontation; denied effective assistance of parole counsel; and the hearing officer was

arbitrary and capricious

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?     ☑ Yes     ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:     Appellate Division Third Department

(2) Docket or case number (if you know):     529246

(3) Date of filing (if you know):     05/18/2019

(4) Nature of the proceeding:     Habeas Corpus

(5) Grounds raised:     Denied due process of law; right to confrontation; right to effective

assistance of parole counsel; and the hearing officer was arbitrary and capricious

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result:     denied

(8) Date of result (if you know):     09/12/2019

(b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding: _____

      (5) Grounds raised: _____

            _____

            _____

            _____

            _____

            _____

            _____

            _____

            _____

            _____

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes    ☐ No

      (7) Result: _____

      (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

      (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding: _____

      (5) Grounds raised: _____

            _____

            _____

            _____

            _____

            _____

            _____

            _____

            _____

            _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes    ❏ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ❏ Yes    ☑ No

(2) Second petition:   ☑ Yes    ❏ No

(3) Third petition:    ❏ Yes    ❏ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**      Denied right to confrontation.

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was denied the right to cross-examine his  parole officer  who did violate petitioner's parole. The

hearing officer failed to allow petitioner to cross-examine his parole officer as to the alleged violation of

conditions of release pursuant to rules 8 and 13. Petitioner had a constitutional right to cross -examine his parole

officer as to rule 13 regarding the instructions his parole officer indicated petitioner allegedly failed to obey.

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     administarive appeal _____

Name and location of the court where the motion or petition was filed:     parole appeals unit albany, ny _____

_____

Docket or case number (if you know):     control #06-056-18R _____

Date of the court's decision:     08/16/2018 _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: filed habeas corpus to Greene County Supreme Court, and and another habeas corpus to Appellate Division Third Dept. Further sought review by leave to New York State Court of Appeals.

**GROUND TWO:**     Parole counsel was ineffective

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Parole counsel failed to lodge objections regarding admissions of hearsay statements introduced into evidence, and petitioner's parole officer not being present at the final hearing for confrontation by petitioner.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     administrative appeal

Name and location of the court where the motion or petition was filed:     parole appeals unit

Albany, NY

Docket or case number (if you know):   Control# 06-056-18R

Date of the court's decision:   08/16/2018

AO 241
(Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available):     denied

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?              ☐ Yes     ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :   filed habeas corpus petition with Greene County Supreme Court, and filed habeas corpus petition with Appellate Division Third Dept, further sought leave to New York State Court of Appeals.

**GROUND THREE:**          The Parole Hearing Officer was arbitary and capricious

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Hearing Officer did not have sufficient evidence for a finding of guilt.Hearing officer admitted violation report into evidence without allowing petitioner to cross-examine his parole officer. Hearing Officer failed to make a specific finding of fact as to petitioner's parole officer's availability to appear at the final revocation hearing. Hearing Officer's sentence of petitioner to a thirty-six month parole violation was arbitary, capricious, and excessive.

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:   _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   administrative appeal

Name and location of the court where the motion or petition was filed:   Parole Appeal Unit, Albany, NY

Docket or case number (if you know):   Control# 06-056-18R

Date of the court's decision:   08/16/2018

Result (attach a copy of the court's opinion or order, if available):   _____

_____

(3) Did you receive a hearing on your motion or petition?                           ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?                      ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   _____

Docket or case number (if you know):   _____

Date of the court's decision:   _____

Result (attach a copy of the court's opinion or order, if available):   _____

_____

_____

AO 241
(Rev. 01/15)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:   Filed Habeas Corpus to Green County Supreme

Court. Filed Habeas Corpus to Appellate Division Third Dept. Sought leave to New York State Court of

Appeals.

**GROUND FOUR:**   Appellate Division's Decision was errouneous as a matter of law

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner filed the proper habeas corpus petition  pursuant to CPLR 7002(a)(b) before the Appellate Division.

The Court failed to issue either an Writ of Habeas Corpus or an Order to Show Cause and summarily denied

petitioner relief without any opinion.

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes      ☑  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes      ☑  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ❏ Yes    ❏ No

(4) Did you appeal from the denial of your motion or petition?    ❏ Yes    ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏ Yes    ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:    Filed leave application to New York State

Court of Appeals.

_____

_____

_____

_____

_____

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☑ Yes        ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

_____

_____

_____

_____

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?        ☐ Yes     ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

_____

_____

_____

_____

_____

_____

_____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?        ☐ Yes     ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
       judgment you are challenging:

       (a) At preliminary hearing:      self representation

       (b) At arraignment and plea:

       (c) At trial:      Final revocation hearing Alex Ayoub

       (d) At sentencing:

       (e) On appeal:      self representation

       (f) In any post-conviction proceeding:      self representation

       (g) On appeal from any ruling against you in a post-conviction proceeding:      self representation

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
       challenging?          ☐ Yes     ☑ No

       (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

       (b) Give the date the other sentence was imposed:

       (c) Give the length of the other sentence:

       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
       future?          ☐ Yes     ☑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
       why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with
        respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
        under this subsection.

Therefore, petitioner asks that the Court grant the following relief:     reversing the finding sustaining parole

violations for rule 8 and 13, or in the alternative reducing petitioner's time assessment of thirty six months to time

served.

or any other relief to which petitioner may be entitled.

_____

                                          Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on   March    2020 (month, date, year).

Executed (signed) on   Feb 26th, 2020   (date).

                                          Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

# EXHIBITS

STATE OF NEW YORK – BOARD OF PAROLE

## *Administrative Appeal Decision Notice*

**Inmate Name:** WILLIAMS, DARREN                    **Facility:** Greene Correctional Facility

**NYSID No.:** 05727693R                    **Appeal Control #:** 06-056-18 R

**Dept. DIN#:** 04A5841
Appearances:
For the Board, the Appeals Unit
For Appellant:

>                Darren Williams (04A5841)
>                Greene Correctional Facility
>                165 Plank Road, Box 975
>                Coxsackie, New York 12051

Board Member(s) who participated in appealed from decision: None.

Decision appealed from: 5/2018 Revocation of Parole; 36-month hold.

Pleadings considered:
Briefs on behalf of the Appellant submitted on: June 27 and July 13, 2018.
Statement of the Appeals Unit's Findings and Recommendation.

Documents relied upon:
Notice of Violation, Violation of Release Report, Final Revocation Hearing Transcript, Parole Revocation Decision Notice.

**Final Determination:** The undersigned have determined that the decision from which this appeal was taken be and the same is hereby

___ Affirmed    ___ Reversed for De Novo Hearing          ___ Reversed – Violation Vacated
Commissioner    ___ Vacated for De Novo Review of Time Assessment Only    ___ Modified to _____

___ Affirmed    ___ Reversed for De Novo Hearing          ___ Reversed – Violation Vacated
Commissioner    ___ Vacated for De Novo Review of Time Assessment Only    ___ Modified to _____

___ Affirmed    ___ Reversed for De Novo Hearing          ___ Reversed – Violation Vacated
Commissioner    ___ Vacated for De Novo Review of Time Assessment Only    ___ Modified to _____

*If the Final Determination is at variance with Findings and Recommendation of Appeals Unit, written reasons for the Parole Board's determination must be annexed hereto.*

This Final Determination, the related Statement of the Appeals Unit's Findings and the separate findings of the Parole Board, if any, were mailed to the Inmate and the Inmate's Counsel, if any, on _____.

Distribution: Appeals Unit – Inmate - Inmate's Counsel - Inst. Parole File - Central File
P-2002(R)  (May 2011)

STATE OF NEW YORK - BOARD OF PAROLE

## *STATEMENT OF APPEALS UNIT FINDINGS & RECOMMENDATION*

**Inmate Name:** WILLIAMS, DARREN
**NYSID No.:** 05727693R
**Dept. DIN#:** 04A5841

**Facility:** Greene Correctional Facility
**Appeal Control #:** 06-056-18 R
**Page:** 1

**Findings:**

Appellant raises a number of issues in the brief submitted in support of the administrative appeal initiated following the Administrative Law Judge's (ALJ) decision to revoke Appellant's parole and impose a hold of 36 months. The Appeals Unit has reviewed each of the issues raised by Appellant, and finds that the issues have no merit.

The Appeals Unit has reviewed the witness testimony and accusatory instruments received into evidence at the final revocation hearing, as well as the ALJ's detailed decision, and has determined that this evidence was sufficient to establish by a preponderance of the evidence that Appellant violated the conditions of release in an important respect, recognizing that it is the province of the ALJ to resolve credibility issues and to determine the relative weight to be accorded the evidence. Simpson v. Alexander, 63 A.D.3d 1495 (3d Dept. 2009); Matter of Santiago v. Dennison, 45 AD3d 994 (3d Dept. 2007).

Appellant is a Category 1 violator, so the ALJ must impose a minimum of 15 months as a time assessment, or a hold to maximum expiration of the sentence, whichever is less, unless a mitigating reduction of up to three months is applied for a violator who accepts responsibility for his or her conduct, or unless there are exceptional mitigating circumstances. 9 N.Y.C.R.R. §8005.20(c)(1); People ex rel. Newland v. Travis, 185 Misc.2d 881 (Sup. Ct., Bronx Co., 2000). The time assessment imposed here was not excessive. See, e.g., Matter of Wilson v. Evans, 104 A.D.3d 1190 (4th Dept. 2013); Matter of Rosario v. New York State Division of Parole, 80 A.D.3d 1030 (3d Dept. 2011); Matter of Bell v. Lemons, 78 A.D.3d 1393 (3d Dept. 2010); Matter of Torres v. New York State Division of Parole, 58 A.D.3d 1039 (3d Dept. 2009).

The only rights under the Due Process Clause at the Federal level held by a parolee in a parole revocation proceeding include written notice of the claimed violations of parole, disclosure to the parolee of evidence against him, an opportunity to be heard in person and to present evidence, the right to confront and cross-examine witnesses, unless a hearing officer finds good cause for not allowing confrontation, a neutral and detached hearing body, and a written factfinding decision. Morrisey v. Brewer, 408 U.S. 471 (1972); People ex rel. Walker v. New York State Division of Parole, 98 A.D.2d 33 (2d Dept. 1983). This is partially because the parole revocation hearings are not designed to be adversarial, but rather, to be predictive and discretionary, in addition to any factfinding function. Gagnon v. Scarpelli, 411 U.S. 778 (1973). In addition, States have wide latitude under the Constitution to structure parole revocation proceedings, and may make it an informal, nonadversarial, administrative process. Pennsylvania Board of Probation v. Scott, 524 U.S. 357 (1998). A parole revocation proceeding is not to be equated to a criminal prosecution, and should be flexible enough to consider letters, affidavits, and other material that

STATE OF NEW YORK - BOARD OF PAROLE

**_STATEMENT OF APPEALS UNIT FINDINGS & RECOMMENDATION_**

**Inmate Name:** WILLIAMS, DARREN          **Facility:** Greene Correctional Facility
**NYSID No.:** 05727693R                           **Appeal Control #:** 06-056-18 R
**Dept. DIN#:** 04A5841                             **Page:** 2

normally would not be admissible at a criminal trial. Morrissey v. Brewer, *supra*. The parolee received all of these due process benefits.

As for the New York State Due Process Clause, the statutory scheme enacted under section 259-i of the Executive Law assures that a parolee's due process rights are protected. People ex.rel. Matthews v. New York State Division of Parole, 58 N.Y.2d 196 (1983). There is no allegation that the provisions of Executive Law §259-i were not complied with.

Issues regarding service of the parole violation papers were discussed on and off the record and the original records were received into evidence without objection. No issue was preserved at the final revocation hearing regarding the timeliness of the occurrence of the final revocation hearing and that issue has, therefore, been waived. In any event, the Appeals Unit has determined that the final revocation hearing was timely commenced. Issues as to the warrant execution were also not preserved on the record.

As to ineffective assistance of counsel claims, counsel "is presumed to have been competent and the burden is on the [Appellant] to demonstrate upon the record the absence of meaningful adversarial representation". Matter of Jeffrey V., 82 N.Y.2d 121, 126 (1993); People v. Hall, 224 A.D.2d 710 (2d Dept. 1996). "[T]here is nothing to substantiate [Appellant's] contention that he was denied the effective assistance of counsel as the record discloses that he received meaningful representation". Matter of James v. Chairman of New York State Board of Parole, 106 A.D.3d 1300, 1300-1301 (3d Dept. 2013); see also, Matter of Rosa v. Fischer, 108 A.D.3d 1227 (4th Dept. 2013). An ineffective assistance of counsel claim requires more than a showing of disagreement with defense counsel's strategy or tactics. Ordmandy v. Travis, 300 A.D.2d 713 (3d Dept. 2002); People v. Guay, 72 A.D.3d 1201 (3d Dept. 2010). Appellant's hindsight disagreement with counsel's tactics do not render counsel's assistance ineffective. People ex rel. Williams v. Allard, 19 A.D.3d 890 (3d Dept. 2005). Furthermore, the right to effective assistance of counsel does not entitle Appellant to a flawless performance by his counsel. People v. Groves, 157 A.D.2d 970.

The Double Jeopardy Clause has no application to a parole revocation proceeding. See, Matter of Dantzler v. Travis, 249 A.D.2d 841 (3d Dept. 1998) ("It is now settled that the Double Jeopardy Clause protects only against the imposition in successive proceedings of multiple criminal punishments for the same offense. Accordingly, its protections are not available to petitioner since a parole revocation hearing is an administrative proceeding to determine whether a parolee has violated the conditions of parole and does not result in additional punishment; instead, if the charges are sustained, parole may be revoked and the parolee reincarcerated for a period that cannot exceed the

STATE OF NEW YORK - BOARD OF PAROLE

## _STATEMENT OF APPEALS UNIT FINDINGS & RECOMMENDATION_

**Inmate Name**: WILLIAMS, DARREN                    **Facility**: Greene Correctional Facility
**NYSID No.**: 05727693R                             **Appeal Control #**: 06-056-18 R
**Dept. DIN#**: 04A5841                              **Page**: 3

maximum date of expiration of the original sentence") (citations omitted), lv. denied, 92 N.Y.2d 810 (1998).

The dismissal or acquittal of a releasee's criminal charges does not bar the prosecution of revocation charges which need only be established by a preponderance of the evidence. Matter of Mummiami v. New York State Board of Parole, 5 A.D.2d 923 (3d Dept. 1958), lv. den., 5 N.Y.2d 709 (1959), mot. for rearg. den., 7 N.Y.2d 756 (1959), cert. den., 362 U.S. 953 (1960); People ex rel. Murray v. New York State Board of Parole, 70 A.D.2d 918 (2d Dept. 1979), aff'd, 50 N.Y.2d 943 (1980); Cole v. Travis, 275 A.D.2d 874 (3d Dept. 2000); Washington v. Epke, 38 A.D.3d 1100 (3d Dept. 2007), lv. den. 9 N.Y.3d 802 (2007); Matter of Davidson v. New York State Division of Parole, 34 A.D.3d 998 (3d Dept. 2006), lv. den., 8 N.Y.3d 803 (2007); U.S. ex rel. Carrasquillo v. Thomas, 677 F.2d 225 (2d Cir. 1982); McCowan v. Evans, 81 A.D.3d 1028 (3d Dept. 2011); Beale v. LaClair, 122 A.D.3d 961 (3d Dept. 2014). The fact that the releasee was not criminally convicted does not preclude a parole revocation determination for the same conduct. Young v. Dennison, 29 A.D.3d 1194 (3d Dept. 2006); Davidson v. New York State Division of Parole, 34 A.D.3d 998 (3d Dept. 2006). Thus, there is no Double Jeopardy violation either.

**Recommendation:**

It is the recommendation of the Appeals Unit that the ALJ's decision be affirmed.

STATE OF NEW YORK
SUPREME COURT                                                                    GREENE COUNTY

People of the State of New York Ex Rel.

Darren Williams, 04A5841,
                              Relator,

For a Judgment Pursuant to Article 70                    **DECISION/ORDER/JUDGMENT**
of the Civil Practice Law and Rules
                                                          Index No.:     18-0759
                                                          RJI No.:       19-18-0183
            - against -

New York State Division of Parole,
                              Respondent.

PRESENT: HON. LISA M. FISHER:

APPEARANCES:         Darren Williams, 04A5841
                     *Relator*
                     Greene Correctional Facility
                     P.O. Box 975
                     Coxsackie, New York 12051

                     Angelo F. Scaturro, Esq.
                     *Appointed Counsel*
                     Office of the Greene County Public Defender
                     411 Main Street
                     Catskill, New York 12414

                     Hon. Barbara D. Underwood
                     *Counsel for Respondent*
                     Attorney General of New York State
                     (Helena O. Pederson, Esq. Assistant Attorney General,
                         Of Counsel)
                     The Capitol
                     Albany, New York 12224

FISHER, J.:

      Relator, an inmate in the care and custody of the New York State Department of
Corrections and Community Supervision ("DOCCS"), commenced this CPLR article 70
proceeding to challenge Respondent's determination revoking his parole for numerous reasons.
Respondent opposes the application, arguing procedurally there is no jurisdiction for lack of proper
service, as well as on the merits that the final revocation hearing was timely commenced within
the 90-day time limit.  Relator submits a reply.

Page 1 of 5

This matter suffers several fatal flaws which preclude a decision on the merits, however lack of proper service is not one of them. It is well-established that a habeas corpus proceeding is "the appropriate means to challenge a revocation of parole[]" (*People ex rel. Branch v Barnes*, 199 AD2d 726, 726 [3d Dept 1993]; *Matter of Soto v New York State Bd. of Parole*, 107 AD2d 693 [2d Dept 1985], *affirmed* 66 NY2d 817 [1985]), but only prior to the final parole revocation determination. (*People ex rel. McCummings v De Angelo*, 259 AD2d 794, 794–95 [3d Dept 1999]; *People ex rel. Mack v Reid*, 113 AD2d 962, 963 [2d Dept 1985].) Here, Relator already received a final parole revocation determination on June 1, 2018, which he is appealing administratively, therefore the "appropriate procedural remedy . . . is a CPLR article 78 proceeding, and [the Court] therefore convert[s] the petition" (*People ex rel. Branch*, 199 AD2d at 726, citing *People ex rel Dell v Walker*, 186 AD2d 1043, 1043 [4th Dept 1992], *lv denied* 81 NY2d 702 [1992]; *see also* CPLR § 103 [c]). As such, the Court converts this habeas corpus matter into an article 78 proceeding.

At the time of Relator filing this action, he affirmatively admits in paragraph (5) of his "writ of habeas corpus pursuant to New York Constitution, Article 1 ss 4 (Bill of Rights); New York CPLR, Article 70" dated July 13, 2018, that "Petitioner has filed a notice of appeal but has not perfected an appeal because he has not received the transcripts from the final hearing that he needs to do the appeal." Therefore, by Relator's sworn admission, he has failed to exhaust his administrative remedies and this action must be procedurally dismissed.

Indeed, "[i]t is well settled that an administrative agency's determination must be challenged through every available administrative remedy before it can be challenged in the courts" (*Matter of Schenectady Nursing & Rehabilitation Ctr., LLC v Shah*, 124 AD3d 1023, 1024 [3d Dept 2015]; *accord Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978] ["It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law."]; *see Matter of Hudson Riv. Val., LLC v Empire Zone Designation Bd.*, 115 AD3d 1035, 1037 [3d Dept 2014]).

This doctrine "'furthers the salutary goal[] of . . . preventing premature judicial interference' with the administrative process" (*Matter of Connerton v Ryan*, 86 AD3d 698, 699 [3d Dept 2011], quoting *Watergate II Apts.*, 46 NY2d at 57). The reasoning behind this doctrine is that "[a] reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the [agency] of an opportunity

to consider the matter, make its ruling, and state the reasons for its action" (*Young Men's Christin Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375 [1975], quoting *Unemployment Compensation Commission of Territory of Alaska v Aragan*, 329 US 143, 155 [1946]).

Notwithstanding, on the merits Relator fails. Notably "it is also well established 'that the remedy of habeas corpus is available only to one who is entitled to immediate release from the custody he is challenging" (*People ex rel. Mack*, 113 AD2d at 963, quoting *People ex rel. Malinowski v Casscles*, 53 AD2d 954 [3d Dept 1976]). Since Relator was on parole and thus already has a conviction, of which his maximum expiration date has not elapsed, he is not entitled to immediate release. (*See In re Soto*, 107 AD2d at 695.)

Relator's argument as to the 90-day time limit of Executive Law § 259-i (f) (i) is without merit. While it is true that "[r]evocation hearings shall be scheduled to be held within ninety days of the probable cause determination[,]" it further applies that "if an alleged violator requests and receives any postponement of his revocation hearing, or consents to a postponed revocation proceeding initiated by the board, or if an alleged violator, but his actions otherwise precludes the prompt conduct of such proceedings, the time limit may be extended" (Executive Law § 259-i [f] [i]; *see People* ex rel *Williams v Allard*, 19 AD3d 890, 891 [3d Dept 2005]; *see also People* ex rel *Woods v McGreevy*, 191 AD2d 938, 940 [3d Dept 1993]).

Here, probable cause was found on July 13, 2017 which begins the clock. The first hearing date was scheduled for August 8, 2017, which is 26 days charged to Respondent. Thereafter, Relator and/or his counsel requested adjournments on each of the consecutive conferences on September 6, 2017, on September 20, 2017, on November 15, 2017, on November 29, 2017, and on January 3, 2018. On January 31, 2018, Respondent requested and received an adjournment for a new witness to March 14, 2018 which is 42 days, making a total of 68 days chargeable to Respondent. Relator then requested an adjournment on March 14, 2018 to April 25, 2018. The Administrative Law Judge granted a continuance to May 9, 2018 and then May 15, 2018, which is chargeable to Respondent and constituted 20 days, making a total of 88 days chargeable to Respondent. The final revocation hearing concluded on May 15, 2018. A written decision was issued on June 1, 2018.

Therefore, it is clear that the final revocation hearing was held within 90 days, except for adjournments or postponements requested by and received by Relator, as the total delay chargeable to Respondent was less than 90 days. (*See Allard*, 19 AD3d at 891.) The Executive Law and

NYCRR require the written decision to be issued "[a]s soon as practicable *after* a violation hearing" (9 NYCRR § 8005.20 [f]), not for the entire process of the hearing and the written decision to be included within 90 days. (*Accord People* re rel *Jefferson v Kelly*, 178 AD2d 973, 973 [4th Dept 1991] [finding less than two-week delay sufficient to constitute as soon as practicable.) Inasmuch as the written decision was issued 15 days after the final revocation hearing concluded, the Court finds that Relator's claims also fail on the merits.

To the extent not specifically addressed above, the parties' remaining contentions have been examined and found to be lacking in merit or rendered academic. Relator's application for the Court to take judicial notice of facts is in improper form (*see* CPLR R. 2214) and otherwise unnecessary given the summary nature of this proceeding.

Thereby, it is hereby

**ORDERED**, that the writ of *habeas corpus* pursuant to article 70 is converted to an article 78 proceeding; and it is further

**ORDERED AND ADJUDGED**, that the Petition is **DISMISSED** and all relief requested therein is denied in its entirety.

This constitutes the Decision/Order/Judgment of the Court. Please note that a copy of this Decision/Order/Judgment along with the original papers are being filed by Chambers with the County Clerk. The original Decision/Order/Judgment is being returned to the prevailing party, to comply with CPLR R. 2220. Counsel is not relieved from the applicable provisions of this Rule with regard to filing, entry and Notice of Entry.

**IT IS SO ORDERED AND ADJUDGED.**

DATED: December 3, 2018              E N T E R :
          Catskill, New York

HON. LISA M. FISHER
SUPREME COURT JUSTICE

Page 4 of 5

Papers Considered in People ex rel Williams v NYS Div. of Parole - 18-0759:

1) Writ of *habeas corpus*, signed August 17, 2018; Decision and Order, dated August 17, 2018; petition for writ of habeas corpus, dated July 13, 2018; verified petition for habeas corpus, dated July 13, 2018; writ of habeas corpus pursuant to New York Constitution, Article 1, ss 4 (Bill of Rights); Ne wYork CPLR, Article 70, dated July 13, 2018; affidavit in support of writ of habeas corpus, of Relator, with annexed exhibits, dated July 13, 2018; supporting papers for application for habeas corpus order (alternative service) and for poor person relief;

2) Return, with annexed exhibits, dated October 11, 2018;

3) Affirmation of Angelo F. Scaturro, Esq., with annexed exhibits, dated November 5, 2018; Reply to return pursuant to CPLR ss 7009 (b), of Relator, dated October 31, 2018;

4) Various and numerous correspondence from Relator, including applications for judicial notice, including the "motion"/application dated September 29, 2018 for judicial notice, "notice of entry" dated August 28, 2018, submitted family court materials, and other correspondence and attachments.



*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*
*Motion Department*
*P.O. Box 7288, Capitol Station*
*Albany, NY 12224-0288*

Robert D. Mayberger
Clerk of the Court

(518) 471-4777
fax (518) 471-4747
http://www.nycourts.gov/ad3

Amy P. Conway
Chief Motion Attorney

July 23, 2019

Darren Williams
#04-A-5841
Greene County Correctional Facility
PO Box 975
Coxsackie, NY  12051-0008

Re:  #529246 - People ex rel. Williams v New York State Division of Parole

Dear Sir:

    This office is in receipt of your letter dated July 9, 2019 as well as your papers in support of an application for a writ of habeas corpus and papers in support of an application for permission to proceed as a poor person in the above-referenced matter.

    Please be advised that an order to show cause is not necessary in this instance. Accordingly, your applications have been marked returnable before the Court on August 19, 2019.  By copy of this letter, a copy of your papers in support of your applications is being provided to the office of the Attorney General.  Any papers in response thereto should be filed and served on or before August 16, 2019.

Very truly yours,

Amy P. Conway
Chief Motion Attorney

cc:  Attorney General Letitia James (w/enclosure)



*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*
*Motion Department*
*P.O. Box 7288, Capitol Station*
*Albany, NY 12224-0288*

*Robert D. Mayberger*
*Clerk of the Court*

*(518) 471-4777*
*fax (518) 471-4747*
*http://www.nycourts.gov/ad3*

*Amy P. Conway*
*Chief Motion Attorney*

August 21, 2019

Darren Williams
#04-A-5841
Greene County Correctional
PO Box 975
Coxsackie, NY  12051-0008

Re:  #529246 - People ex rel. Williams v NYS Division of Parole

Dear Sir:

    This office is in receipt of your <u>papers</u> in support of an application for a writ of habeas corpus, an application for permission to proceed as a poor person, a motion for admittance to parole or bail and an application for assignment of counsel in the above-referenced matter.  This office is also in receipt of your letter dated July 23, 2019, requesting additional time to respond to any papers filed in response to your applications.

    As no papers were filed in response to your applications, I have been directed to advise you that your request has been denied as unnecessary.  You will be advised of the determinations on your applications in due course.

Very truly yours,

Amy P. Conway
Chief Motion Attorney

cc:  Attorney General Letitia James

State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: September 12, 2019

THE PEOPLE OF THE STATE OF NEW
YORK ex rel. DARREN WILLIAMS,
                              Petitioner,

        v

NEW YORK STATE DIVISION OF
PAROLE,
                              Respondent.

529246

DECISION AND ORDER
ON MOTION

———————————————

        Application, pursuant to CPLR 7002 (b), for writ of habeas corpus.

        Motion for parole/bail pending application for writ of habeas corpus.

        Motion for permission to proceed as a poor person.

        Motion for assignment of counsel.

        Upon the papers filed in support of the application and the motions, and no papers having been filed in opposition thereto, it is

        ORDERED that the motion for permission to proceed as a poor person is granted, without costs, only to the extent that the filing fees for the application for a writ of habeas corpus and the motion for parole/bail pending determination of the application for a writ of habeas corpus (see CPLR 8022) are waived, and it is further

        ORDERED that the motion for parole/bail pending determination of the application for a writ of habeas corpus is denied, without costs, and it is further

        ORDERED that the application for a writ of habeas corpus is denied, without costs, and it is further

        ORDERED that the motion for assignment of counsel is denied, without costs.

Garry, P.J., Egan Jr., Rumsey and Pritzker, JJ., concur.

ENTER:

Robert D. Mayberger
Clerk of the Court



*State of New York*
*Court of Appeals*

John P. Asiello
Chief Clerk and
Legal Counsel to the Court

Clerk's Office
20 Eagle Street
Albany, New York 12207-1095

October 24, 2019

Darren Williams, 04-A-5841
Greene Correctional Facility
PO Box 975
Coxsackie, NY 12051

Re:   People ex rel. Williams v NYS Div. of Parole
      Mo. No. 2019-976

Dear Mr. Williams:

I respond to your letter dated October 17, 2019.

Your motion for leave to appeal in the above title was received by this office on October 21, 2019 and will be submitted to the Court on the return date of November 4, 2019. Any opposing papers must be served and received by this office no later than January 14, 2019.

You are not required to file any additional documents. You will be notified by mail when the Court decides your motion for leave to appeal.

Very truly yours,

Rachael M. MacVean
Chief Motion Clerk

RMM:mg
cc: Marcus J. Mastracco, Esq.



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

Telephone (518) 776-2007

October 31, 2019

Hon. John P. Asiello
Clerk of the Court
New York State Court of Appeals
Court of Appeals Hall
Eagle Street
Albany, New York 12207

Re:   *People ex rel. Williams (Darren) v. NYS Div. of Parole*
Motion No. 2019-976
OAG No. 19-029491

Dear Mr. Asiello:

Respondent will not be submitting any papers in the above-referenced case.  Respondent did not appear in the court below because the Appellate Division, Third Department, denied petitioner's application for a writ of habeas corpus without ordering service on the named respondent.  *See* C.P.L.R. § 7003(a).  Because respondent did not appear previously in this proceeding, respondent will not be submitting any papers in this Court.

Please contact me if you require any further information or have any questions.

Respectfully submitted,

MARCUS J. MASTRACCO
*Supervising Assistant Solicitor General*

cc:     DARREN WILLIAMS
        #04-A-5841
        Greene Correctional Facility
        P.O. Box 975
        Coxsackie, New York 12051-0975

*Reproduced on Recycled Paper*

2

# *State of New York*
## *Court of Appeals*

*Decided and Entered on the*
*twenty-first day of November, 2019*

**Present**, Hon. Janet DiFiore, *Chief Judge, presiding.*

Mo. No. 2019-976
The People &c. ex rel. Darren Williams,
  Appellant,
   v.
New York State Division of Parole,
  Respondent.

   Appellant having moved for leave to appeal to the Court of Appeals and for

poor person relief and for ancillary relief in the above cause;

   Upon the papers filed and due deliberation, it is

   ORDERED, that the motion for leave to appeal is denied; and it is further

   ORDERED, that the motion for poor person relief is dismissed as academic;

and it is further

   ORDERED, that the motion for ancillary relief is dismissed upon the ground

that this Court does not have jurisdiction to entertain it (see NY Const, art VI, § 3).

John P. Asiello
Clerk of the Court



RECEIVED
SDNY PRO SE OFFICE
2020 MAR 11  AM 9: 53

MAR 09 2020

Clerk of Court
U.S.D.C./Southern District
500 Pearl Street
New York, N.Y. 10001

Darran Williams #04A5841
Greene Correctional
PO Box 975
Coxsackie, New York 12051

USMP3
SDNY

PRIORITY® MAIL
UNITED STATES POSTAL SERVICE
Visit us at usps.com

"Legal Mail"