Copy Mailed by Chambers to Pro Se Petitioner of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARREN WILLIAMS, a.k.a. Darren Flowers,

                  Petitioner,

            - *against* -

BRIAN D. SMITH,

                  Respondent.

20 CV 2167 (PMH) (LMS)

**ORDER**

---

**THE HONORABLE LISA MARGARET SMITH, U.S.M.J.**[1]

    The undersigned is in receipt of pro se Petitioner's letter dated September 2, 2020, requesting that the Court appoint counsel for Petitioner in this federal habeas action. ECF No. 11. Petitioner styled his motion as being brought pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, and the Sixth Amendment to the United States Constitution. Id. at 1. As an initial matter, although Petitioner challenges his parole revocation (a criminal proceeding), the federal habeas case currently before the Court is a civil action. In a civil action, the Sixth Amendment right to counsel does not apply. See United States v. Vilar, 979 F. Supp. 2d 443, 445-46 (S.D.N.Y. 2013) ("The Sixth Amendment, however, by its terms, is limited to 'criminal prosecutions' . . . There is thus no Sixth Amendment right to counsel in civil cases.") (citing Turner v. Rogers, 564 U.S. 431, 441-42 (2011)); cf. Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993) ("[I]t is well settled in the Second Circuit and elsewhere that 'there is no constitutional right to representation by counsel in habeas corpus proceedings.' "). Title 18 U.S.C. § 3006A gives the Court the authority to appoint counsel for a financially eligible person seeking federal

---

[1] The Honorable Judge Philip M. Halpern referred this matter to the undersigned on March 24, 2020. ECF No. 3.

1


habeas relief, but it does not require that such an appointment be made.[2] 18 U.S.C. § 3006A(a)(2) ("Whenever the United States magistrate judge or the court determines that <u>the interests of justice so require</u>, representation <u>may</u> be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28 [federal habeas corpus]") (emphasis added).

Before the Court can determine whether the interests of justice require appointing counsel in this case, Plaintiff must show that he is financially unable to retain counsel. Petitioner has not requested to proceed in forma pauperis in this case (i.e. without the prepayment of fees), the application for which would require Plaintiff to provide specific financial information under penalty of perjury. Here, the Court has only (1) Plaintiff's statements that he is unable to afford to hire an attorney, conduct legal research, pay for copies, or pay for notaries, and (2) a single letter from a potential employer indicating that it did not have a position available for Petitioner. ECF No. 11 at 2-3; Ex. A. This is not enough information to allow the Court to determine whether Petitioner is financially eligible for court-appointed counsel.

In any event, Petitioner has not satisfied the Hodge factors. See Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986) (setting forth factors the Court should consider when determining whether to appoint counsel to represent a civil litigant pursuant to 28 U.S.C. § 1915); Tarafa v. Artus, No. 10 Civ. 3870 (JGK), 2010 WL 2545769 (S.D.N.Y. June 9, 2010)[3] (noting that the standard articulated in Hodge is useful in determining whether the interests of

---

[2] Rule 8 of the Rules Governing Section 2254 Cases requires that the Court appoint counsel for a financially eligible habeas petitioner if an evidentiary hearing is warranted. SECT 2254 Rule 8(c). Respondent's opposition has not yet been filed in this case, and it is too early for the Court to determine that an evidentiary hearing is warranted.

[3] Copies of all unpublished cases available only in electronic form cited herein will be sent to pro se Petitioner. See Local Civil Rule 7.2; Lebron v. Sanders, 557 F.3d 76, 78 (2d Cir. 2009).

justice require the appointment of counsel for a habeas petitioner pursuant to 18 U.S.C. § 3006A(a)(2)). "For the Court to order the appointment of counsel, the petitioner must, as *a threshold matter*, demonstrate that his claim has substance or a likelihood of success on the merits." Tarafa, 2010 WL 2545769 at *1 (emphasis in original). "In order to make such a determination, the Court must decide whether, from the face of the pleadings, . . ., the claims asserted by the plaintiff may have merit, or the plaintiff appears to have some chance of success." Martinson v. U.S. Parole Comm'n., No. 02 Civ. 4913 (DLC)(DF), 2004 WL 203005, at *2 (S.D.N.Y. Feb. 2, 2004) (internal quotation marks and citations omitted). "Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: 'plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity.' " Id. (quoting Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989)). At this early stage, the Court cannot determine whether Petitioner's claims have substance or the likelihood that they will succeed on the merits.

For the reasons stated above, Petitioner's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**. Petitioner may make another motion at any time he deems appropriate, keeping in mind the legal standard discussed above.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 11.

Dated: September 23, 2020
      White Plains, New York

**SO ORDERED,**

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

4