UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

Darren Williams,

                            Petitioner,                  **ORDER**

             -against-                            20 Civ. 2167 (PMH) (AEK)

Brian D. Smith,

                            Respondent.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

       The undersigned is in receipt of Petitioner's application for appointment of counsel dated November 12, 2020, which was received and docketed on November 16, 2020. ECF Nos. 20-21. Petitioner makes this application pursuant to 28 U.S.C. § 1915(d) and Rule 8(c) of the Rules Governing Section 2254 Cases. The application is Petitioner's second request for appointment of counsel.

       Petitioner first requested that the Court appoint counsel for him in a "Motion for Assignment of Counsel," dated September 2, 2020, which was received and docketed on September 10, 2020. ECF No. 11. Petitioner styled that motion as being brought pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, and the Sixth Amendment to the United States Constitution. *Id.* at 1. In his request, Petitioner stated that he was financially unable to retain his own counsel, and that the COVID-19 pandemic had made it difficult for Petitioner to find employment to support himself and his family. *Id.* at 2.

---

[1] The Honorable Philip M. Halpern referred this matter to the Honorable Lisa Margaret Smith on March 24, 2020. ECF No. 3. The matter was reassigned to the undersigned on October 19, 2020.

Magistrate Judge Lisa Margaret Smith denied Petitioner's request in an order dated September 24, 2020.  ECF No. 14.  Magistrate Judge Smith initially noted that Petitioner did not have a Sixth Amendment right to counsel in his civil case, and that although the Court may appoint counsel for a financially eligible person seeking federal habeas relief if the Court believes it would be in the "interests of justice," the Court is not required to make such an appointment.  *Id.* at 1-2 (quoting 18 U.S.C. § 3006A(a)(2)).[2]  As a threshold matter, Magistrate Judge Smith noted that Petitioner had not formally shown whether he was financially unable to retain counsel, as he had not submitted a request to proceed *in forma pauperis* ("IFP").[3]  *Id.* at 2.  Magistrate Judge Smith then determined that Petitioner had not satisfied the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), the case that provides the standard that courts in this Circuit use to determine whether appointment of counsel in a civil matter is appropriate.  *Id.* at 2-3.

In his second application for appointment of counsel, Petitioner argues that "appointing counsel in this matter would more likely lead to a just result," as the case involves "substantial factual issues that turned on credibility."  ECF No. 20 at 3.  At this time, Petitioner still has not satisfied the *Hodge* factors.  Under this standard, a court must first determine "whether the indigent's position seems likely to be of substance."  *Hodge*, 802 F.2d at 61.  If an application meets this threshold requirement, the district court must further consider the Petitioner's ability and efforts to obtain counsel, as well as "his ability to handle the case without assistance in [] light of the required factual investigation, the complexity of the legal issues, and the need for

---

[2] Rule 8(c) of the Rules Governing Section 2254 Cases requires that the Court appoint counsel for a financially eligible habeas petitioner if an evidentiary hearing is warranted.

[3] Petitioner filed a request to proceed IFP on November 17, 2020.  ECF No. 22.  Judge Halpern granted the IFP request by order dated March 29, 2021.  ECF No. 24.

2

expertly conducted cross-examination to test veracity." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge*, 802 F.2d at 61-62.

The Court does not have a sufficient basis to conclude at this point that Petitioner's claims "ha[ve] substantial merit." *Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98 (2d Cir. 2011). The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets a strict standard of review for Federal courts reviewing the decisions of State courts: if an application for a writ of habeas corpus is to succeed, the State court proceeding must have resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "a decision based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). In addition, a determination of a factual issue made by a State court is presumed to be correct. 28 U.S.C. § 2254(e)(1). This standard applies to witness credibility determinations made by an administrative law judge in parole revocation proceedings. *Suce v. Taylor*, 572 F. Supp. 2d 325, 340 (S.D.N.Y. 2008).

While this Court makes no final determination regarding the legal rights and responsibilities of the parties to this action or the merits of the Petition at this time, the Court has conducted a preliminary review of the Petition and the Respondent's memorandum of law in opposition to the Petition for purposes of resolving the request for appointment of counsel. Based on this initial review, Petitioner's claims do not appear to satisfy the stringent requirements required to obtain habeas relief under AEDPA, and the Court cannot conclude at this time that Petitioner has made a threshold showing that his claims have substantial merit.

At this time, Petitioner also does not satisfy the other factors enumerated in *Hodge*. The second *Hodge* factor concerns Petitioner's ability and efforts to obtain counsel. Although

3

Petitioner has reported that he cannot afford to pay for an attorney, he has not shown that he fully exhausted his ability to retain *pro bono* counsel to represent him in this matter.  In addition, Petitioner fails to demonstrate his qualification under the third *Hodge* factor – an inability to handle the case without assistance.  Despite what Petitioner claims in his request for counsel, this case does not involve substantial factual issues.  His claims turn on an application of legal standards, and thus far Petitioner has shown that he is capable of engaging with the law – he has presented the grounds upon which he seeks to challenge his re-incarceration, and has also engaged in regular correspondence with the Court.  Petitioner's submissions to the Court do not suggest an inability to proceed in this matter without the assignment of counsel.

Accordingly, for these reasons, Petitioner's second request for appointment of counsel is DENIED WITHOUT PREJUDICE.

The Clerk of the Court is directed to terminate the motion at ECF No. 20, and to mail a copy of this order to the *pro se* Petitioner.

Dated: March 30, 2021
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge