UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARREN WILLIAMS,

              Petitioner,

- against -

BRIAN D. SMITH,

              Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

20-CV-02167 (PMH)

PHILIP M. HALPERN, United States District Judge:

On October 28, 2004, a judgment of conviction—following a guilty plea for an assault charge—was entered against Petitioner Darren Williams ("Petitioner") in the County Court of the State of New York, Orange County. Petitioner was sentenced to a term of five years' imprisonment followed by five years of post-release supervision for the conviction, which was to run consecutively to two pre-existing undischarged sentences. In 2016, the Department of Corrections and Community Supervision ("DOCCS") released Petitioner to Post Release Supervision ("PRS"). On May 28, 2017, Petitioner was arrested for violation of certain conditions of PRS. Thereafter, Petitioner was sentenced to a term of 36 months' imprisonment following a parole revocation hearing before an administrative law judge.

On February 26, 2020, Petitioner, proceeding *pro se*, initiated the instant action by filing a Petition for a Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2254, challenging the Parole Board's revocation of his release to PRS. (Doc. 1, "Petition"). Respondent opposed the Petition on October 15, 2020 (Doc. 16), accompanied by a supporting memorandum of law (Doc. 17). On June 14, 2023, Respondent moved to dismiss the Petition for lack of subject-matter jurisdiction, asserting that the full expiration of Petitioner's sentence on August 22, 2021 renders his habeas claims moot. (Doc. 29, "Mot."). Petitioner filed his opposition to Respondent's motion to dismiss on August 29,

2022 (Doc. 36, "Opp."), and briefing was complete upon the filing of Respondent's reply on September 6, 2022 (Doc. 37, "Reply"). On June 27, 2023, Magistrate Judge Andrew E. Krause issued a Report and Recommendation, recommending that the Motion to Dismiss be granted and that the Petition be denied with prejudice. (Doc. 38, "Report").

A letter from Petitioner was docketed on July 11, 2023, which sought: (1) conversion of his habeas action into a civil action under 42 U.S.C. § 1983; (ii) an "order for damages under Rule 50(a)(B)(2)"; and (iii) an "order under Rule 56 for summary judgment," accompanied by a civil complaint and an "Affidavit In Support for Damages." (Doc. 39; Doc. 39-1; Doc. 40). A separate letter containing Petitioner's objections to the Report was docketed on July 20, 2023. (Doc. 42; "Obj.").[1] On July 21, 2023, Respondents filed their response to Petitioner's objections and letter requesting conversion of the habeas proceeding to a civil action. (Doc. 43). Petitioner's reply letter was filed, without prior permission of the Court, on August 7, 2023, reiterating his objections and request to convert the habeas proceeding into a civil action.[2] (Doc. 44).

## STANDARD OF REVIEW

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Antoine v. Warden*, No. 20-CV-05130, 2021 WL 4066654, at *1 (S.D.N.Y. Sept. 7, 2021) (quoting 28 U.S.C. § 636(b)(1)).[3] "The district court may adopt those portions of the recommended

---

[1] As stated in the Report, the parties had fourteen days from service of the Report to file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Petitioner received the Report on July 5, 2023. (Obj. at 1). According to Petitioner, his objections were served on Respondents via mail on July 10, 2023 (Obj. at 42-2). Accordingly, the Court considers Petitioner's objections timely made.

[2] The Court in its discretion will consider Petitioner's reply letter (Doc. 44) as a supplement to his timely filed objections. *See Griggs v. Comm'r of Soc. Sec.*, No. 18-CV-0811, 2019 WL 1284278, at *1 (S.D.N.Y. Mar. 20, 2019).

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

2

ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Olivo v. Graham*, No. 15-CV-09938, 2021 WL 3271833, at *1 (S.D.N.Y. July 30, 2021) (citing *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). If a party timely objects to the findings or recommendations of the magistrate judge, the court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir. 1997) (quoting 28 U.S.C. § 636(b)(1)).  Moreover, because "new claims may not be raised properly at this late juncture," such claims "presented in the form of, or along with, 'objections,' should be dismissed." *Pierce v. Mance*, No. 08-CV-04736, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009). Finally, "if a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded." *Clemmons v. Lee*, No. 13-CV-04969, 2022 WL 255737, at *1 (S.D.N.Y. Jan. 27, 2022) (citing *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

Respondent argues that instead of *de novo* review, this Court may review the timely filed objections for clear error because "[h]e has filed no specific objections to the legal analysis in the [Report]." (Doc. 43). In any event, and as set forth in detail herein, "[w]hether reviewed de novo or simply for clear error this Court finds no basis to reject or modify the [Report]." *United States v. Peldomo*, No. 10-CR-0069, 2010 WL 5071489, at *2 (E.D.N.Y. Dec. 7, 2010).

## **DISCUSSION**

Magistrate Judge Krause found that the Petition ought to be dismissed for lack of subject-matter jurisdiction because the Petition became moot upon the full expiration of Petitioner's sentence on August 22, 2021. (Report at 9). Petitioner advances three arguments in his Objections: (1) Magistrate Judge Krause erred in relying on the factual determination that Petitioner's 2004

3

sentence was imposed consecutively to his pre-existing undischarged sentences; (2) Magistrate Judge Krause erred in disregarding Petitioner's deprivation of liberty as an actual injury; and (3) Magistrate Judge Krause erred in concluding that mootness applies to this Petition. (*See generally* Obj.) Plaintiff, in addition to his request that the Court decline to adopt the Report, moves to convert this habeas action to a civil rights action pursuant to Section 1983. (*Id*.). The Court addresses Petitioner's objections and motion to convert the action *seriatim*.

I.     First Objection: Petitioner's 2004 Sentence

The Report references the fact that "Petitioner's [October 28, 2004] sentence for the assault was to run consecutively to two pre-existing undischarged sentences." (Report at 2). Petitioner argues that this fact is "unsupported by the record" and requests an evidentiary hearing. (Obj. at 1-2; Doc. 44 at 2). Specifically, Petitioner asserts that consecutive sentences were not imposed at his 2004 sentencing because there was no explicit directive of the sentencing court. (Obj. at 1-2 ("[t]he sentence orally pronounced by the Court [on October 28, 2004] . . . makes no mention of consecutive sentences nor undischarged sentences"); Doc. 44 at 2 ("[Petitioner was] wrongful[ly] held on the 2004 sentence and judgment orally pronounced by the court.")). However, the imposition of consecutive undischarged sentences by operation of law does not hinge on whether it was expressly imposed by the sentencing court. *See People ex rel. Gill v. Greene*, 903 N.E.2d 1146 (N.Y. 2009) ("when a court is required by statute to impose a sentence that is consecutive to another, and the court does not say whether its sentence is consecutive or concurrent, it is deemed to have imposed the consecutive sentence the law requires."). The record is clear that Petitioner's 2004 sentence was imposed consecutively to his undischarged sentences from 1990 and 1993 by

operation of law as a result of his status as a second violent felony offender.[4] (Doc. 43 at 3). Petitioner does not otherwise advance any specific objections as to the calculation of his aggregate sentence under New York law. Accordingly, Magistrate Judge Krause's factual determination—that Petitioner's 2004 sentence ran consecutively to undischarged sentences from 1990 and 1993—is accurate, and an evidentiary hearing is not warranted.

Petitioner also asserts in connection with the first objection that Magistrate Judge Krause "ignored" his "request to amend the Petition to attack the original orders by the Parole Board . . . ." (Obj. at 2). However, the Report shows that Magistrate Judge Krause thoughtfully considered Petitioner's request for leave to amend the Petition (Report at 8-9 ("Petitioner asks that the Court 'fashion some form of meaningful relief that is sufficient to prevent this case from being moot' by effectively requesting leave to amend the Petition . . . .")), though Magistrate Judge Krause ultimately denied leave to amend. This Court concurs with the denial of leave to amend. Petitioner sought to add claims concerning a purported denial of due process of law that occurred when he was not released in 2009 from a sentence imposed in 2004. (Opp. at 8-9). These claims, which were raised in an earlier federal habeas petition before the Honorable Thomas J. McAvoy, were dismissed as time-barred in 2016. *Williams v. Thomas*, No. 15-CV-1541, 2016 WL 3766351, at *3, 5-7 (N.D.N.Y. July 11, 2016). Petitioner offers no basis on which to resurrect those claims in the instant Petition.

In light of the above, Petitioner's first objection to the Report is overruled.

---

[4] In response to Petitioner's objections, Respondents provide a more detailed calculation of Petitioner's aggregate sentence in 2004 based on publicly available sentencing information and the relevant New York statutes. (Doc. 43 at 3). This calculation confirms that Petitioner's 2004 sentence was imposed consecutively to his two prior undischarged sentences by operation of law, and that all three sentences merged into one aggregate sentence in 2004 which ultimately expired in August 2021. (*Id.*).

II.     Second and Third Objections: Mootness

The Court construes Petitioner's second and third objections as challenging Magistrate Judge Krause's conclusion that the Petition is moot. The Report found that "Petitioner has been fully released from DOCCS custody and supervision, and because he has not demonstrated a concrete, ongoing injury attributable to the 2018 revocation of his PRS, the Petition does not present an active case or controversy." (Report at 9). Petitioner objects on the basis that: (i) the actual injury is the deprivation of his liberty; and (ii) mootness is not applicable to these claims. (Obj. at 2-3). Ultimately, neither objection avoids a finding of mootness.

The Court lacks subject matter jurisdiction where the action no longer presents a case or controversy under Article III, Section 2 of the United States Constitution. The "case-or-controversy" requirement means that "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In the context of a habeas action where the petitioner's sentence expired during the course of the proceedings, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* at 7. "[A] petitioner seeking relief from a parole revocation, unlike a petitioner seeking relief from an original conviction, is not entitled to a presumption of collateral consequences satisfying the case-or-controversy requirement of Article III." *Washington v. Spears*, No. 07-CV-07773, 2009 WL 3459222, at *2 (S.D.N.Y. Oct. 28, 2009) (citing *Spencer*, 523 U.S. at 14). "A habeas petitioner no longer in custody who is challenging the result of a parole revocation hearing must therefore demonstrate a concrete, ongoing injury-in-fact attributable to his parole revocation." *Id*.

Petitioner argues in his second objection that the Report "ignores the actual injury, which is the deprivation of [Petitioner's] liberty without due process of law." (Obj. at 2). This purported injury, however, is explicitly asserted in connection with Petitioner's claims of denial of due process that impeded his release from incarceration in 2009. (Obj. at 2 ("[t]he restraint [of Petitioner's liberty] beginning on or around May 21, 2009, up until August 2021")). As discussed *supra*, Petitioner was not permitted to amend the Petition to include these due process claims with respect to his release in 2009. Accordingly, the alleged injury is not specifically tied to the subject of the Petition—the 2018 revocation of Petitioner's release to PRS—and is therefore not relevant to the mootness inquiry.

In his third objection, Petitioner argues that "mootness should have no effect . . . since the confinement was unlawful after the 5 yr. term of imprisonment expired on May 21, 2009 . . . ." (Obj. at 3). Petitioner also refers to the "judgment orally pronounced by the sentencing court" in arguing that "mootness shall not apply to acts that are null and void." (Doc. 44 at 1).[5] Therefore, it is clear that Petitioner's third objection is asserted in connection with the alleged denial of due process in 2009. Given that the pertinent inquiry is whether Petitioner has a concrete, ongoing injury-in-fact attributable to the revocation of his release to PRS in 2018, the arguments advanced by Petitioner in the third objection do not preclude a finding of mootness.

Accordingly, Petitioner's second and third objections are overruled. This Court finds that, under either the clear error or *de novo* review, Petitioner ceased to have any concrete and redressable injury when his sentence fully expired on August 22, 2021. Petitioner has not otherwise identified a concrete, ongoing injury-in-fact attributable to the 2018 revocation of Petitioner's

---

[5] The cases Petitioner cites as support for his third objection—*Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936) and *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006)—concern the imposition of a defendant's sentencing terms and are apparently offered in support of Petitioner's argument that his confinement after 2009 was unlawful. (Obj. at 3). Therefore, these cases are not relevant to the mootness inquiry.

7

release to PRS. Accordingly, the Court adopts Magistrate Judge Krause's determination that the Petition is moot and must be dismissed for lack of subject matter jurisdiction.

### III. Motion to Convert

With respect to Petitioner's motion to convert the habeas corpus proceeding to a civil rights action under Section 1983, which was made by separate letter (Doc. 39) and repeated in Petitioner's objections to the Report, that application is denied. Courts have granted such motions in situations where a petitioner "seeks monetary relief for the constitutional violations alleged in the petition." *Soto v. S. Beach Psychiatric Ctr.*, No. 16-CV-00820, 2017 WL 3841857, at *3 (E.D.N.Y. Sept. 1, 2017); *see also Miller v. Reily*, No. 06-CV-06485, 2007 WL 433394, at *1 (E.D.N.Y. Feb. 5, 2007) (noting that a court may convert a "petition to a complaint under [s]ection 1983" if a plaintiff seeks "relief that is not cognizable under habeas corpus"). That is not the case here. Petitioner's habeas action challenges only the Parole Board's decision to revoke his release to PRS in 2018.[6] Petitioner's civil complaint, however, is based on the alleged wrongful confinement that occurred after he was not released from imprisonment in 2009. (Obj. at 3; Doc. 39-1 at 4 ("[Petitioner] was wrongfully imprisoned. State prison officials failed to release me to the judgment pronounced by the court on November 8th, 2004.")). Accordingly, the Petition is brought on entirely different grounds than those on which Petitioner seeks damages pursuant to Section 1983, and this Court finds no basis on which to convert the Petition to a civil action. Petitioner's motion is denied.

---

[6] As discussed *supra*, Petitioner was not permitted to amend the Petition to include claims based on his allegedly improper detention after May 2009 because they had previously been dismissed as time-barred by Judge McAvoy. *See Williams*, 2016 WL 3766351 at 5-7.

8

**CONCLUSION**

For the foregoing reasons, Petitioner's objections to the Report are overruled. The Court adopts the Report in full. The Petition is, accordingly, DENIED.

Petitioner's motion to convert is DENIED.

Because the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

Dated:  White Plains, New York
October 20, 2023

_____
PHILIP M. HALPERN
United States District Judge